

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# Densmaa v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3769

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Densmaa v. Atty Gen USA" (2008). *2008 Decisions.* Paper 911.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/911

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3769
_____

TSOGZOLMAA DENSMAA,

                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-769-659 )
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008
Before: MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2008)

_____

OPINION
_____

PER CURIAM

    Tsogzolmaa Densmaa petitions for review of an order by the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her applications for

asylum, withholding of removal and relief under the Convention Against Torture

("CAT"). For the following reasons, the petition for review will be denied.

I.

Densmaa is 28 years old and is a citizen of Mongolia. Densmaa came to the United States as a non-immigrant visitor in July 2004, and has remained in the country ever since. On February 1, 2005, Densmaa applied for asylum, withholding of removal and relief under the CAT on the ground that she had been persecuted in Mongolia for being a lesbian. The government later instituted removal proceedings against her, charging her as removable for having overstayed her visa.

In her I-589 application, Densmaa alleged that several months before she left Mongolia, she and her partner, Chimgee, were arrested and imprisoned because they are lesbians. According to Densmaa, the police falsely charged them with prostitution as a pretense for the arrest. During their detention, the women were raped and beaten. Chimgee died as a result of the beatings. Densmaa stated in her application that if she were forced to return to Mongolia, the police would immediately arrest her and place her in prison where she would be beaten to death.

Following a hearing on May 30, 2006, IJ Miriam K. Mills found Densmaa's testimony incredible and denied relief. IJ Mills stated that Densmaa's story was untenable due to numerous inconsistencies between her testimony and the original application. IJ Mills further found that Densmaa's claims had not been adequately corroborated. By order entered August 21, 2007, the BIA adopted and affirmed IJ Mills's

2

decision. Densmaa now petitions for review of the BIA's decision.

II.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA adopts the reasoning of the IJ, we review the IJ's decision directly. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). We review the IJ's factual findings, including her credibility determinations, under a substantial evidence standard.[1] See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). An adverse credibility finding must be afforded substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt v. Gonzales, 429 F.3d 430, 434 (3d Cir. 2005). The Court must evaluate whether the credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions." Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004).

Upon review, we are satisfied that the IJ's adverse credibility determination is supported by substantial evidence. First, as the IJ explained, Densmaa's entire story is somewhat suspect given that she claimed that she was arrested for prostitution despite the fact that the Country Report she submitted indicates that prostitution is legal in

---

[1]The provisions of the Real ID Act concerning the Court's review of an adverse credibility finding do not apply because Densmaa applied for relief before the Act's effective date. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

Mongolia.[2]  When IJ Mills and the government asked Densmaa how the police could charge her with prostitution when prostitution was not illegal, she was unable to provide a plausible explanation.  Nor was she able to explain why the arrest papers stated that she was detained for "risk of recidivism and fugitive evasion," not prostitution.  Moreover, there were several inconsistencies between Densmaa's testimony at the hearing and the affidavit she had previously submitted in support of her application.  Most significantly, Densmaa testified at the hearing that the police raped her on the night of her arrest, whereas she stated in her affidavit that she was raped on the fourth day of her detention.  Similarly, although Densmaa testified that the police never questioned her about her sexual orientation, her affidavit specifically recounted that during her interrogation, the inspector accused her of being a "lesbian pervert," and told her that she would be released to a psychiatric hospital if she admitted it.  In light of these significant inconsistencies, we cannot conclude that "any reasonable adjudicator would be compelled" to disagree with the IJ's adverse credibility determination.  8 U.S.C. § 1252(b)(4)(B).

We also agree with the IJ's determination that, in light of the implausibility of Densmaa's story and the contradictions in her testimony, it would not be unreasonable to expect some evidence to corroborate her account.  See Zheng v. Gonzales, 417 F.3d 379,

[2]The 2005 United States Department of State Country Reports on Human Rights Practices issued by the State Department for Mongolia states that prostitution is legal, but notes that "public solicitation for prostitution and organizing prostitution remains illegal." (A.R. at 000283.)  Densmaa, however, did not allege that she was accused of any public solicitation.

4

382-83 (3d Cir. 2005) (upholding IJ's adverse credibility determination as to applicant who presented an inherently implausible story and a suspicious lack of credible corroboration). As the IJ explained, Densmaa failed to do so. In support of her application, Densmaa presented an obituary for Chimgee,[3] a police report stating that she was arrested for "risk of recidivism and fugitive evasion," medical records from May and June 2004, unauthenticated letters from relatives and a friend, school reports, and a newspaper article. None of these documents, however, supports Densmaa's claim that she and Chimgee were arrested and brutalized for being lesbians—although they may show that Densmaa was arrested for some type of offense, that she was treated for injuries in April and May 2004, and that Chimgee died, they do not sufficiently corroborate the material aspects of her story.

Furthermore, to the extent that Densmaa sought to base her application for asylum on a well-founded fear of persecution, she failed to make a sufficient showing. See 8 C.F.R. § 208.13(b)(2); Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005). As the IJ explained, Densmaa failed to provide any evidence of a pattern or practice of persecution against homosexuals in Mongolia. Although, as noted above, she did submit a newspaper article that reflects some amount of societal discrimination against lesbians, this article does not establish a pattern or practice of persecution. See Lie, 396 F.3d at 537

---

[3]At the hearing, the IJ observed that the obituary was printed in a lighter font than the other newspaper articles on the same page and appeared to have been copied onto the original newspaper.

(explaining that petitioner seeking asylum due to pattern or practice of persecution must establish "systemic, pervasive, or organized" violence "committed by the government or forces the government is either unable or unwilling to control") (internal quotations omitted).

Accordingly, we conclude that the IJ's decision denying Densmaa's application for asylum is supported by substantial evidence. Given that Densmaa's claims for withholding of removal and relief under the CAT are based on the same evidence as her asylum claim, we conclude that substantial evidence supports the IJ's denial of these claims as well.

For the reasons set forth above, we will deny the petition for review.